**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD JOHN MASTRANGELI, | Civil Action No. 08-cv-1047 (PGS) |
| Plaintiff, | |
| v. | **OPINION** |
| CABLEVISION SYSTEMS CORPORATION, et al., | |
| Defendants | |

**SHERIDAN, U.S.D.J.**

Defendant, Cablevision Systems Corporation ("Cablevision"), moves for dismissal of plaintiff, Richard John Mastrangeli's ("Mastrangeli") complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). In response, Mastrangeli cross-moves for remand of his case to the Superior Court of New Jersey, Law Division, Passaic Vicinage, on the basis of lack of subject matter pursuant to 28 U.S.C. §§ 1447(c). For the reasons that follow, Cablevision's motion to dismiss will be granted without prejudice to the right of Mastrangeli to amend his complaint. Further, on the basis of the facts presented in the briefs, Mastrangeli's cross-motion to remand is denied at this time.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Mastrangeli was hired by Cablevision[1] on or about April 22, 1996. (Compl. ¶ 3). In

---

[1] Cablevision indicates in its brief that Mastrangeli was in fact employed by CSC-TKR, Inc., a Delaware corporation whose principal place of business is Bethpage, New York, and not

1

2002, and again in 2004, while employed at Cablevision, Mastrangeli attempted to help unionize Cablevision. (*Id.* at ¶¶ 6-9). These attempts at unionization failed, and thereafter, Mastrangeli ceased efforts at unionizing his employer. (*Id.* at ¶¶ 6-9). According to Mastrangeli, he was harassed by Cablevision managers for his efforts in attempting to form a union. (*Id.* at ¶ 6-9). This alleged harassment included statements made by his then supervisor, Mary Ellen Tamuzza, when Mastrangeli applied for the position of outside technician in 2004. Specifically, Mastrangeli claims that, upon receiving the position of outside technician, Tamuzza "told [his] new Supervisor that [Mastrangeli] should not have the position because [he] had problems with losing tools, leadership and lateness." (*Id.* at ¶ 9). Mastrangeli also claims that he reported the harassing events to human resources at Cablevision, and that no action was taken by human resources with regard to these events. (*Id.*).

However, although Mastrangeli's efforts ceased after the second attempt failed in 2004, he claims that this anti-union harassment continued. (*Id.* at ¶ 10). In March 2005, Mastrangeli received a reprimand that he felt was unwarranted, and alleges that he was forced to make the decision to sign the written reprimand or to be immediately discharged from his employment with Cablevision. (*Id.* at ¶ 11). Later that year, on November 3, 2005, Mastrangeli left work mid-shift after receiving a call from his wife that his five-month-old daughter was having trouble

---

by the named defendant, Cablevision Systems Corporation, and thus indicates further that the corporate entity was improperly pleaded by Mastrangeli. Nevertheless, Cablevision refers to CSC-TKR, Inc. as "Cablevision" in its moving papers.

    Mastrangeli likewise indicates in his cross-motion that his employer was not, as he named, Cablevision Systems Corporation, but was instead Cablevision of Lodi, or Cablevision of New Jersey. However, the only defendant named in this action is Cablevision Systems Corporation. Plaintiff did not seek to amend the complaint to include the corporate subsidiaries he names in his moving papers. Therefore, this motion is considered based upon the defendant currently named in Mastrangeli's complaint.

breathing. (*Id.* at ¶ 12). Mastrangeli further alleges that he was gone from work for an hour and a half, that he noted same as sick time on his time sheet, and that he attempted to notify his supervisor that he was out. (*Id.* at ¶¶ 12-13). Upon his return to work, Mastrangeli was notified by his supervisor that he was to be suspended. (*Id.* at ¶ 14). On December 1, 2005, Mastrangeli was advised that his employment was terminated. (*Id.* at ¶ 15). Mastrangeli alleges that his supervisor promised to give him a favorable reference at that time, so long as he accepted the dismissal. (*Id.* at ¶ 16). However, when Mastrangeli applied for a new job, his former supervisor, Jim Gaffney, did not give him a favorable reference. (*Id.* at ¶ 17). Further, when Mastrangeli finally obtained employment with an outside company that supplied services to Cablevision, Cablevision informed that company that Mastrangeli could not work on any of Cablevision's equipment. (*Id.* at ¶ 19).

On December 3, 2007, Mastrangeli filed his three-count complaint in the Superior Court of New Jersey, Law Division, Passaic County, asserting what appear to be causes of action for intentional interference with economic advantage, common law fraud, and breach of a contract formed by an employee handbook, though the complaint itself does not name the causes of action separately. Cablevision filed its notice of removal with this Court on February 27, 2008, on the basis of both federal question jurisdiction under the Family Medical Leave Act ("FMLA") and on diversity of citizenship. Cablevision subsequently filed its motion to dismiss the complaint on March 20, 2008. Mastrangeli filed his opposition and cross-motion to remand on April 9, 2008.

**DISCUSSION**

In its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Cablevision states that this Court is deprived of subject matter jurisdiction because of the National Labor Relations

3

Act, which governs most actions involving union claims, and which would subject plaintiff to arbitration proceedings before the National Labor Relations Board. In addition, Cablevision states that plaintiff has failed to state a claim upon which relief may be granted by failing to set forth the specific allegations of his fraud claim, and by failing to meet the legal requirements of claims for tortious interference with economic advantage and breach of employment contract. Thus, Cablevision asserts that this Court is deprived of subject matter jurisdiction over Mastrangeli's claims by preemption, or in the alternative, that the case should be dismissed because it fails to state a claim.

In his cross-motion to remand, Mastrangeli points to the fact that he has not pled a federal cause of action under the National Labor Relations Act. Likewise, Mastrangeli asserts that, while Cablevision Systems Corporation is a Delaware corporation with its principal place of business in Bethpage, New York is unimportant because Mastrangeli was employed by Cablevision of New Jersey, which is headquartered in Oakland, New Jersey, at its Lodi branch. Thus, Mastrangeli claims that there is no diversity of citizenship between himself and defendant, whom he claims is a New Jersey resident, and that this Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, Mastrangeli requests that the matter be remanded to the Superior Court of New Jersey, Law Division, Passaic Vicinage, pursuant to 28 U.S.C. § 1447.

Based upon Mastrangeli's complaint, it is little wonder why an argument exists as to subject matter jurisdiction in this case. Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading that states a claim for relief must contain:

4

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) *a short and plain statement of the claim showing that the pleader is entitled to relief;* and
> (3) *a demand for the relief sought, which may include relief in the alternative or different types of relief.*

(Emphasis added). Where the complaint fails to so state, the Court is obliged to consider the objections of a defendant to the vagueness of a plaintiff's pleading, and to issue appropriate relief in accordance with the remedy requested. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) ("While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he bases his claim,' Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Phillips v. County of Allegheny*, 515 F.3d 224, 231-34 (3d Cir. 2008).

Here, the complaint simply fails to state, in a short and plain statement, what legal claims to relief Mastrangeli has, and what remedies in particular he requests. Though defendant did not specifically argue for dismissal under Rule 8, it is clear from the face of plaintiff's pleading that it does not meet the standards of Rule 8, and must therefore be dismissed. However, because this Court cannot ascertain the basis for relief in the complaint itself based upon the vagueness of the statements made, the dismissal will be without prejudice to the right of plaintiff to file an amended complaint that conforms with Rule 8.

As for Mastrangeli's claims that this court lacks subject matter jurisdiction on the basis of either federal question or diversity of citizenship, and that this case must therefore be remanded, this Court disagrees. While it is true that it is difficult to divine, based on the complaint as filed,

whether any federal question has been pled by plaintiff, one thing that is clear is that he chose to name Cablevision Systems Corporation as the sole defendant in this action. It is equally clear from the briefs and the evidence presented by both parties that the named defendant, Cablevision Systems Corporation, which defendant indicates was improperly pleaded by plaintiff and is actually named CSC-TKR, Inc., is a Delaware corporation with its principal place of business in Bethpage, New York. Defendant therefore rightly claims jurisdiction based upon diversity of citizenship.

Generally, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . [c]itizens of different [s]tates." 28 U.S.C. § 1332(a)(1). Plaintiff has not challenged defendant's assertion in the notice of removal that the amount in controversy in this case is at least $75,000, and this requirement is therefore met. Further, under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated[,] and of the State where it has its principal place of business." Therefore, Cablevision is a citizen of both Delaware and New York, and is diverse from Mastrangeli, who is a citizen of New Jersey. "It [is] not incumbent upon [a defendant] to propose as additional defendants person [a plaintiff], as master[] of [his] complaint, permissively might have joined." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005). Further, merely indicating in motion papers that some other entity, regardless of whether it is a wholly-owned subsidiary of the named entity, might be a proper defendant, is not enough to destroy diversity here. *See id.* ("Congress surely has not directed that a corporation, for diversity-of-citizenship purposes, shall be deemed to have acquired the citizenship of all or any of its affiliates."). Until and unless plaintiff properly joins a

6

non-diverse defendant to this action, the District Court retains jurisdiction over this matter.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted without prejudice to the plaintiff to file an amended complaint, and plaintiff's cross-motion to remand is denied.

March 31, 2009

                                        PETER G. SHERIDAN, U.S.D.J.